NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMRINDER SINGH, | No.    14-73547 |
| Petitioner, | Agency No. A089-716-975 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Amrinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").   We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that even though Singh established he experienced past persecution, the government rebutted his presumption of a well-founded fear of future persecution with evidence showing that he can reasonably relocate to another part of India. *See id.* at 999-1001. We reject Singh contentions that the IJ did not consider the evidence properly. *See Singh v. Holder*, 753 F.3d 826, 837 (9th Cir. 2014) ("The agency properly performed its core functions of weighing conflicting evidence, bringing its expertise to bear, and articulating the rationale underlying its decision."). Thus, Singh's asylum claim fails.

Because Singh did not demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Singh's CAT claim because Singh failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to

India.  *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).   We reject Singh's contention that the IJ did not consider all evidence relevant to possibility of future torture.   *See id.* (the agency "may use its expertise in considering contradictory and ambiguous country reports to decide which portions of the report[s] are relevant to the applicant") (internal quotation and citation omitted) (modification in original).

**PETITION FOR REVIEW DENIED.**